Dunschen, appellant, *v.* Higgins, respondent.

PRACTICE — *appeal — variance — presumption.* In order that the appellate court may take notice of an alleged variance between the summons and the copy served, the record on appeal should set out such variance so that the court may determine its materiality, else it will be presumed to have been immaterial and will be disregarded.

SUMMONS—*service*—*copy of complaint*—*usage*—*inconsistency.* The service of summons with a true copy of the complaint, though such copy was not certified by the clerk as required by section 34 of the Civil Practice Act, is a sufficient compliance with section 36 of the same act, and gives the court jurisdiction to try and determine the case. Such service is according to general understanding and usage, and if the sections are inconsistent the subsequent should have greatest weight.

### *Appeal from Second District, Missoula County.*

HIGGINS recovered judgment in the probate court of Missoula county against Dunschen, and the sheriff satisfied the same by selling Dunschen's property. Dunschen then brought this action for the wrongful conversion of his property, on the ground that the probate court never acquired jurisdiction, and that its judgment was void.

W. J. STEPHENS, for appellant.

MAYHEW & McMURTRY, for respondent.

WADE, C. J. This is an action for the unlawful conversion of personal property. The defendants aver in their answer that the property in question was attached, at the suit of *Higgins* v. *Dunschen* in the probate court, and sold upon a judgment in favor of the plaintiff and against the defendant in that action.

A jury was waived and the case submitted to the court, who made findings of facts, and, among them, the following, upon which the questions in this appeal arise:

"I find, as a fact, that the sheriff served on defendant (in the suit of *Higgins* v. *Dunschen*) a copy of complaint, and copy of summons; but not a certified copy of complaint, nor a true copy of summons."

Upon this finding the appellant makes two questions: 1. "That a true copy of the summons was not served on Dunschen." 2. "That no certified copy of the complaint was served upon him as the law then required."

The variance between the original summons and the copy served is not disclosed. If in a material particular it would vitiate, but if in a matter wholly immaterial it would not. We cannot presume that it was material, and declare the service of the summons void.

2. We must consider the second question as if the first one had not been raised, and it must be deemed that a true copy of the summons was served upon the defendant. No *certified* copy of the complaint was served upon the defendant, but a *copy* of the complaint was so served. The defendant being served with a copy of the summons and complaint, did the court acquire jurisdiction over the defendant to render a judgment against him?

Section 28 of the Practice Act provides: "Civil actions in the district courts and probate courts shall be commenced by the filing of a complaint with the clerk of the court in which the action is brought, and the issuing of a summons thereon."

Section 34 provides: "The summons shall be served by the sheriff of the county where the defendant is found. * * * *A copy of the complaint, certified by the clerk, shall be served with the summons."*

Section 35 provides: "It shall be the duty of the clerk issuing the summons * * * to make out a *copy or copies* of the complaint, and deliver the same to the * * * officer * * * executing such summons."

Section 36 provides: "A summons shall be executed, except as otherwise provided by law, as follows: First, by reading the writ to the defendant, and delivering to him a *copy* of the complaint; or second, by delivering to him a *copy of the complaint and writ* * * * ."

It is our duty to harmonize sections 34 and 36, if possible, rather than declare one void. Since the amendment to the Practice Act, this question cannot arise, but it is important respecting cases tried before the amendment. The court acquires jurisdiction over a defendant by the service of a summons upon him in the manner provided by law. The summons informs the defendant of the matter of the plaintiff's complaint against him. "The summons shall state the parties to the action, the court in which it is brought, the county in which the complaint is filed, the cause and general nature of the action. * * * ." Civ. Pr. Act, § 30. If no copy or certified copy of the complaint was served with the summons, no injury could result to the defendant, because he would be informed by the summons that he was a

defendant in court, and of the plaintiff's claim. A certified copy of the complaint could do no more than this.

The appellant received from the sheriff a copy of the complaint, and a copy of the summons, which was not a true copy of the summons. From this finding of the court, we can infer that Dunschen received a true copy of the complaint, or the contrary would have been found. What does the declaration that he received a copy of the complaint mean? It is a fair construction that he received a perfect copy of the original. A copy is a duplicate of the thing itself. A copy is perfect, whether certified or not, and with the summons the appellant received such a copy, a true copy of the complaint.

Did such service give the court jurisdiction of Dunschen? Must the copy of the complaint, accompanying the summons, be not only a true, but a certified copy also? If a certified, it might not be a true copy, and if true, the certificate could not make it more true. The certificate can add nothing, or cure the defect if it is untrue, and is a formal matter if the defendant receives a true copy of the complaint. Every thing has been done that the law required to bring him into court, except a certificate declaring that a true copy of the complaint is a true copy, when he has been informed that the copy he received is true. The court was authorized to render judgment against Dunschen. Said section 36 has been complied with, and this has not been repealed by section 34. If either is repealed, the latest section in the act controls. Both were in force before the late amendments, and the service of the complaint and summons, as directed by either, gave the court jurisdiction. This has been the usage and general understanding, and statutes long acted upon in good faith, under which rights have been settled and determined, ought not to be disturbed for slight causes.

The judgment is affirmed.

*Judgment affirmed.*